UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
PATRICIA ROYSTON, successor trustee of    :
the Alan D. Bleznak 2005 Life             :
Insurance Trust,                          :
                                          :
                    Plaintiff,            :     08 Civ. 8715
                                          :
                                          :          Order
            v.                            :
                                          :
                                          :
WELLS FARGO, N.A., LANCIER GROUP, LLC,    :
ALSTON & BIRD, LLP                        :
                    Defendants.           :
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 4-25-12
DATE FILED:

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff, Patricia Royston as successor Trustee of the Alan Bleznak 2005 Life Insurance Trust ("Plaintiff") moves for relief from this Court's partial entry of summary judgment for Defendant, Lancier Group, LLC ("Defendant"). For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

    The underlying facts of this case were set out in detail in the Court's previous orders and will not be repeated here. (Dkt. Nos. 43, 98, 132.) For purposes of the instant motion, it suffices to note that Plaintiff contests the Court's findings that Defendant contractually assumed a role in providing certain broker services in connection with the Alan D. Bleznak life insurance trust (the "Trust"), for which it was entitled to $1.8

1

million in commissions and fees pursuant to the "Services Agreements" that were executed in connection with the settling of the Trust. The crux of Plaintiff's claim is that the Services Agreements were never validly assigned or sold by Platform (who neither party disputes was a valid assignee of the Services Agreements) to Defendant and, as such, Defendant was never the lawful "owner" of those Services Agreements and therefore not entitled to any rights thereunder, including the rights to commissions and fees in exchange for performing broker and non-broker services for the Trust.

**LEGAL STANDARD**

Plaintiff asserts her "motion for relief" from this Court's Order granting summary judgment to Defendant pursuant to Federal Rule of Civil Procedure 60(b)(1), which the Court construes as a motion for reconsideration. Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the Southern District of New York.

Whether to grant a motion for reconsideration falls within the discretion of the district court. See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

2

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Controlling authority means decisions of the Second Circuit Court of Appeals, or the U.S. Supreme Court, and Local Rule 6.3 should be strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Psihoyos v. Wiley & Sons, Inc., No. 11-civ-1416, 2011 WL 5980423, at *1 (S.D.N.Y. Nov. 29, 2011). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

## DISCUSSION

Plaintiff first argues that the Court's Order is based on facts that are inconsistent with the record. (Mot. for Reconsideration at 2.) Specifically, she contests the Court's findings that: (1) the Services Agreements were assigned by Platform to Defendant; (2) Plaintiff never objected to Defendant's provision of broker services (until commencing this lawsuit, at least); and (3) Plaintiff abandoned its claim that the Services Agreements were "unconscionable."

None of these complaints with the Court's decision points to a new fact or controlling issue of law. First, absent

3

overlooked facts or law, the Court will not revisit its <u>legal</u> conclusion that there was a valid assignment of the Services Agreements from Platform to Defendant.  Second, with respect to whether Plaintiff objected to Defendant's role in providing broker services, Plaintiff now points to an affidavit of the Trust's settlor, Alan D. Bleznak, stating that he had indeed objected to paying Defendant commissions after another third-party broker had secured a buyer to purchase some of the life insurance policies that funded the Trust.  (Mot. for Reconsideration at 3.)  The Court did not overlook that affidavit.  In its view, that statement, taken in context with the other evidence in the record, was not inconsistent with a finding that Plaintiff allowed Defendant to perform various broker services for the Trust, suggesting that the parties had understood there to be a contractual assignment of those Services Agreements from Platform to Defendant.  Lastly, the Court maintains that Plaintiff abandoned her unconscionability argument in her motion for summary judgment—she neither raised the issue nor pointed to any evidence of the Services Agreements' unconscionability that would have suggested an intent to preserve that claim, let alone prove it in a motion for summary judgment.

    Plaintiff also claims that there are disputed issues of fact that precluded summary judgment in Defendant's favor.

According to Plaintiff, material questions of fact remained regarding Defendant's "ownership" of the services agreement. As made clear in the Court's Order, however, the concept of "ownership" was irrelevant to the Court's decision. The Court did not decide whether Defendant owned the Services Agreements, as that term is understood in the Uniform Commercial Code. Rather, it determined that the Services Agreements "were, at base, contracts, whose rights and duties were assigned by Platform to Lancier." (Dkt. No. 132, at 9.) The Court is not moved by Plaintiff's complaint that this reasoning employed a theory not advanced by the parties—on a motion for summary judgment, a court is obligated to apply the law to the undisputed facts in the record. Plaintiff points to no authority supporting the proposition that the Court is limited, in that legal analysis, to considering the principles and theories articulated in the parties' memoranda. Likewise, the fact that the Court's opinion sounded in quasi-contract or estoppel does not provide a ground for its reconsideration.

The Court also rejects as a basis for reconsidering its opinion Plaintiff's argument that there was no contract for the Services Agreements between the Trust and Defendant. The fact that Platform and Defendant were never direct contracting parties is neither a new fact nor an overlooked controlling point of law; rather it is a theory recycled from Plaintiff's

5

Opposition and Cross-Motion for Summary Judgment. The Plaintiff's argument of economic duress is of a similar ilk—it is a theory, in support of an argument that Defendant should return the commissions, repeated from Plaintiff's earlier memorandum of law.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is DENIED.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

New York, New York
April 25, 2012